## Ferndale Borough School District *v.* Conemaugh Township School District, Appellant.

142

Argued March 22, 1937. Before Kephart, C. J., Schaffer, Drew, Linn, Stern and Barnes, JJ.

*Clarence L. Shaver,* for appellant.

*D. P. Weimer,* of *Weimer & Bennett,* and *A. M. Matthews,* for appellee.

Opinion by Mr. Chief Justice Kephart, April 19, 1937:

The School District of the Township of Conemaugh, appellant, not having a senior high school, sent its pupils to the high school maintained by the appellee school district, thereby becoming indebted to the latter for their tuition. In such cases the cost of tuition which the district maintaining the school may charge is regulated by the Act of May 1, 1925, P. L. 435, which includes the following items and no others:

"(1) Instruction, including the salaries of members of the teaching and supervisory staff, and attendance of teachers at institutes;

"(2) Textbooks and school supplies, and

"(3) Fuel, light, water and janitor service, and shall also include ten per centum (10%) of the total cost of said items."

From the gross sum is deducted the appropriation received from the Commonwealth.

Appellee brought suit to recover the amount of the unpaid balance of such tuition for the school year 1933-34.

Appellant depended on the financial reports filed by appellee with the Department of Public Instruction. Appellee explained the discrepancy between those reports and the statement on which it based its claim as being due to the fact that the former were calculated on the cost and attendance of six grades, while the amount owing for tuition is computed as the basis of a four year course.

The court below heard the case without a jury. The evidence was sufficient to sustain the judge's findings for appellee that the items in the account were correct, being calculated upon a proper four year high school course; and they will not be disturbed: *Perkins v. Halpren,* 257 Pa. 402; *Commonwealth v. Westinghouse Elec. & Mfg. Co.,* 151 Pa. 265; *Brown, Early & Co. v. Susquehanna Boom Co.,* 109 Pa. 57.

Appellant objects to the allowance of the salary of clerks and the cost of "textbooks" which were admitted to be reference and supplementary books kept in the library of appellee's high school in connection with the study of English and other subjects. Such costs, it is argued, are not included within those enumerated in the act. While the provisions of the School Code dealing with tuition must be strictly construed *(Norristown Borough School District v. Upper Merion Township School District,* 49 Pa. Superior Ct. 561), the allowance of these items was proper. It is not extending the meaning of "supervisory staff" to include within that term clerks who are necessary to the work of the supervising

officials. They perform duties which are indispensable to the staff work and without which the efficiency of a supervisory staff would be seriously handicapped. When the legislature used the term "supervisory staff" they intended to include its essential elements; a clerk or secretary must be employed to carry on the manifold minor details incumbent on such office. The Department of Public Instruction has recognized the necessity of such assistants by authorizing their employment, and their salary is properly considered as part of the cost of instruction for tuition purposes. See *Norristown Borough School District v. Upper Merion Township School District,* supra.

"Textbooks" are not restricted to books studied by the pupils in the schoolroom but include as well books which must be studied to complete textbook work. The books in question here were selected volumes, and the list submitted shows they were supplementary to the textbooks. They were in effect that class of books. The need for and propriety of the purchase of such supplementary and reference books is recognized elsewhere in the Act,* and they are properly treated as "textbooks" in computing the cost of tuition.

Appellant asserted a counterclaim for overpayments made in preceding years, but according to appellee's secretary the costs imposed in the high school grades in the contested years were undercharges rather than overpayments. The trial judge found defendant had not proven its counterclaim. This finding has sufficient basis in the record, and this court will not disturb it.

Judgment affirmed.

---

* The part of the Code which deals with the method of adopting and changing textbooks, provides: ". . . that books, supplementary to textbooks, regularly adopted, may be adopted and purchased for use in the schools at any time, such supplementary books to be adopted in the same manner as textbooks are herein required to be adopted." (Act of May 18, 1911, P. L. 309, Art. VII, Sec. 703.)